## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| Midwest Operating Engineers Welfare Fund; Midwest Operating Engineers Pension Trust Fund; Midwest Operating Engineers Retirement Enhancement Fund; Operating Engineers Local 150 Apprenticeship Fund; Local 150 IUOE Vacation Savings Plan; Construction Industry Research and Service Trust Fund; and International Union of Operating Engineers, Local 150, AFL-CIO; | ) ) ) ) ) ) ) ) | CIVIL ACTION<br><br>No.: 19-CV-02070 |
| Plaintiffs, | ) ) ) | |
| v. | ) ) | |
| Brian Burke d/b/a Burke's Hauling; | ) ) ) ) | |
| Defendant. | ) | |

## COMPLAINT

Plaintiffs, Midwest Operating Engineers Welfare Fund; Midwest Operating Engineers Pension Trust Fund; Midwest Operating Engineers Retirement Enhancement Fund; Operating Engineers Local 150 Apprenticeship Fund; Local 150 IUOE Vacation Savings Plan; (collectively "the Funds"); Construction Industry Research and Service Trust Fund ("CRF"); and International Union of Operating Engineers, Local 150, AFL-CIO (hereafter, "Local 150" or "the Union"); bring this action to collect fringe benefit contributions and administrative dues from Defendant, Brian Burke d/b/a Burke's Hauling.

## COUNT I.   SUIT FOR DELINQUENT CONTRIBUTIONS

1.      The Union is an employee organization under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1002(4); and a labor organization under the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 152(5).

2.      Defendant Brian Burke ("Burke") is a sole proprietor doing business as Burke's Hauling and he has identified himself as "Owner" of that operation (Exhibit A).

3.      On August 1, 2013, Burke signed Memorandum of Agreement with the Union (See Exhibit A) that adopted the terms of several collective bargaining agreements ("CBAs") including the Heavy and Highway and Underground Agreement effective June 1, 2010 through May 31, 2017 (excerpts attached as Exhibit B) and the Heavy and Highway and Underground Agreement effective June 1, 2017 through May 31, 2021 (excerpts attached as Exhibit C)  .

4.      The CBAs and the Agreements and Declarations of Trust incorporated therein require Burke to make fringe benefit contributions to the Funds.  The Funds are "employee welfare benefit plans" and/or "plans" within the meaning of ERISA, 29 U.S.C. § 1002 (3).

5.      The CBAs and Trust Agreements specifically require Burke to:

(a)     Submit a monthly report stating the names and number of hours worked by every person on whose behalf contributions are required and accompany these reports with payment of contributions based on an hourly rate identified in the CBAs;

(b)     Compensate the Funds for the additional administrative costs and burdens imposed by his delinquency through payment of liquidated damages in the amount of ten percent of untimely contributions, or twenty percent of such contributions should the Funds be required to file suit;

(c)     Pay interest to compensate the Funds for the loss of investment income;

(d)     Make his payroll books and records available to the Funds for the purpose of an audit to verify the accuracy of past reporting, and pay any and all costs incurred by the Funds in pursuit of an audit where a delinquency in the reporting or submission of contributions is identified;

(e)     Pay the Funds' reasonable attorneys' fees and costs incurred in the prosecution of any action to collect outstanding reports, delinquent contributions, or compliance with an audit request;

(f)     Furnish to the Funds a bond in an amount acceptable to the Funds.

6.     The CBAs also require Burke to make contributions to CRF. CRF is a labor management cooperative committee as that term is defined under Section 302(c)(9) of the LMRA, 29 U.S.C. § 186 (c)(9). The CBAs place the same obligations on Burke with respect to CRF as it does the Funds.

7.     The CBAs further require Burke to deduct administrative dues from employees' wages and remit those dues to the Union on a monthly basis utilizing a form remittance report. Where Burke does not do so, the Union is entitled to liquidated damages, attorneys' fees and any other cost of collection.

8.     In order to forestall the filing of a lawsuit, Burke executed a Payment Plan Agreement ("Payment Plan") (Exhibit D). In that Payment Plan, Burke agreed to make installment payments of the delinquent sums that he owed the Funds, the Union, and CRF. Burke further agreed to submit forthcoming monthly reports, contributions, and dues payments timely. Burke agreed that he had personal liability for any amounts owed by the d/b/a entity Burke's Hauling. He consented to the entry of judgment against him in the event of breach of the Payment Plan.

9.     Burke has become delinquent in the submission of his reports and contributions due the Funds and CRF, and reports and dues to the Union. As a result of this delinquency, he owes the Funds and CRF contributions, liquidated damages, and interest, and dues and liquidated damages to the Union.

**Jurisdiction and Venue**

10.     This Court has jurisdiction over this action pursuant to ERISA, 29 U.S.C. §§ 1132, 1145 and 28 U.S.C. § 1331, because ERISA is a federal statute.  Furthermore, Burke stipulated to the jurisdiction of this Court in the Payment Plan (Exhibit D, Paragraph 4).

11.     Venue is proper in this Court pursuant to Section 502(e)(2) of ERISA because the Funds are administered in Cook County, Illinois, and Burke stipulated that this Court is an appropriate venue (Exhibit D, Paragraph 4).

**Allegations of Violations**

12.     ERISA states: "Every employer who is obligated to make contributions to a multiemployer plan under the terms of the plan or under the terms of a collectively bargained agreement shall, to the extent not inconsistent with law, make such contributions in accordance with the terms and conditions of such plan or such agreement." 29 U.S.C. § 1145.

13.     Where an employer fails to submit contribution reports and contributions timely, ERISA permits the Funds to file suit under ERISA to collect the fringe benefit contributions, liquidated damages, interest, attorneys' fees and costs.  ERISA also permits the Funds to seek an injunction that requires submission of outstanding reports so that the Funds may determine whether additional sums are due to the Funds.  Alternatively, the Funds may seek an audit to establish whether such sums are due, and/or estimate the amounts due.

14.     Burke has violated ERISA and breached the CBAs and the Trust Agreements because he has failed to timely submit its reports and contributions to the Funds and refused to pay liquidated damages and interest that has accrued.

15.     Upon careful review of all records maintained by the Funds, and after application of any and all partial payments made by Burke, there is a total of $123,482.68 known to be due the Funds from Burke, before the assessment of fees and costs, and subject to the possibility that

additional contributions, liquidated damages, and interest will become due while this lawsuit is pending.

WHEREFORE, the Funds respectfully request that the Court:

A.   Enter judgment in favor of the Funds and against Burke for all unpaid contributions as identified in Burke's contribution reports;

B.   Enjoin Burke to perform specifically its obligations to the Funds, including submission of the required reports and contributions due thereon to the Funds in a timely fashion as required by the plans and by ERISA;

C.   Enjoin Burke at the Funds' option to submit to an audit of his payroll books and records in order to determine whether Burke owes additional sums to the Funds, and pay the costs of such an audit; or alternatively at the Funds' option require Burke to pay any contributions reasonably estimated to be due by the Funds for the period when Burke failed and refused to timely submit contribution reports;

D.   Enter judgment against Burke and in favor of the Funds for liquidated damages, interest, attorneys' fees and costs associated with all delinquent contributions;

E.   Provide the Funds with such further relief as may be deemed just and equitable by the Court, all at Burke's cost.

## COUNT II.  SUIT FOR BREACH OF PAYMENT PLAN

1-9.   The Funds re-allege and incorporate herein by reference paragraphs 1 through 9 of Count I as if fully stated herein.

### Jurisdiction and Venue

10.   This Court has jurisdiction over this action pursuant to § 301 of the LMRA, 29 U.S.C. § 185, because the Payment Plan are an extension of the CBAs.  Furthermore, Burke stipulated to the jurisdiction of this Court in the Payment Plan (Exhibit D, Paragraph 4).

11.   Venue is proper in this Court pursuant to 29 U.S.C. § 185(a) because the Court has jurisdiction over the parties, and because the Payment Plan were partly executed and some of the performance took place in Cook County, Illinois and Burke stipulated that this Court is an appropriate venue (Exhibit D, Paragraph 4).

**Allegations of Violations**

12.     Burke has breached his obligations under the Payment Plan because he has failed
to make his installment payments timely, and failed to submit his monthly reports, contributions,
and dues timely.  Burke has failed to pay liquidated damages and interest that has accrued.  As a
result of such breaches, the Funds, the Union, and CRF are entitled and Burke consented under
the Payment Plan to the entry of judgment against Burke for all amounts identified as due in the
Payment Plan, and all sums that became due following the execution of the Payment Plan.
Additionally, the Funds are entitled to interest as a consequence of entry of judgment.

13.     That upon careful review of all records maintained by the Funds, and after
application of any and all partial payments made by Burke, there is a total of $129,207.10 known
to be due the Funds, the Union, and CRF from Burke, before the assessment of attorneys' fees
and costs subject to the possibility that additional contributions, dues, interest, and liquidated
damages will become due while this lawsuit is pending, and/or the possibility that Burke owes
additional contributions and dues not yet identified by Burke in his remittance reports.

WHEREFORE, the Funds, the Union, and CRF respectfully request that Court enter
judgment in favor of the Funds, the Union, and CRF for all unpaid contributions, dues, liquidated
damages, interest, and the Funds' reasonable attorneys' fees and Court costs necessarily incurred
in this action as specified herein, or as subsequently determined, all as provided for in the CBA
and Trust Agreements.

**COUNT III. SUIT TO COLLECT CRF CONTRIBUTIONS**

1-9.     CRF re-alleges and incorporates herein by reference paragraphs 1 through 9 of
Count I as if fully stated herein.

**Jurisdiction and Venue**

10.     This Court has jurisdiction over this action pursuant to § 301 of the LMRA, 29 U.S.C. § 185 and 28 U.S.C. § 1331. Furthermore, Burke consented to the jurisdiction of this court in the Payment Plan (Exhibit D, Paragraph 4).

11.      Venue is proper in this Court pursuant to 29 U.S.C. § 185(a) because this Court has jurisdiction over the parties, and CRF's principal office is located within the geographic jurisdiction of this Court and Burke stipulated that this Court is an appropriate venue (Exhibit D, Paragraph 4).

**Allegations of Violations**

12.     Burke has not submitted all of his contribution reports to CRF. Burke has failed to make timely payment of all contributions acknowledged to be due according to Burke's own contribution reports and the collective bargaining agreement, and Burke has failed to pay interest and liquidated damages required by the CBAs. Accordingly, Burke is in breach of his obligations to the CRF under the CBAs.

13.     That upon careful review of all records maintained by CRF, and after application of any and all partial payments made by Burke, there is a total of $3,691.58 known to be due to CRF from Burke subject to the possibility that additional contributions and liquidated damages will become due while this lawsuit is pending.

WHEREFORE, CRF respectfully requests that the Court:

A.      Order Burke to submit all delinquent monthly contribution reports;

B.      Enter judgment in favor of CRF and against Burke for all unpaid contributions, liquidated damages, interest, CRF's reasonable attorneys' fees and costs, including any amounts estimated to be due in view of Burke's failure to submit all contribution reports required by the CBAs;

C.      Enjoin Burke to perform specifically his obligations to CRF including timely submission of reports and contributions as required by the plans and the CBAs;

D.    Award CRF such further relief as may be deemed just and equitable by the Court, all at Burke's cost.

## COUNT IV. SUIT TO COLLECT UNION DUES

1-9.    The Union re-alleges and incorporates herein by reference paragraphs 1 through 9 of Count I as if fully stated herein.

### Jurisdiction and Venue

10.    This Court has jurisdiction over this action pursuant to § 301 of the LMRA, 29 U.S.C. § 185. Furthermore, Burke stipulated to the jurisdiction of this Court in the Payment Plan (Exhibit D, Paragraph 4).

11.    Venue is proper in this Court pursuant to 29 U.S.C. § 185(a) because the Court has jurisdiction over the parties and the Union's principal office is located within the geographic jurisdiction of this Court and Burke stipulated that this Court is an appropriate venue (Exhibit D, Paragraph 4).

### Allegations of Violations

12.    Burke has not submitted all of his dues reports to the Union.  Burke has failed to make timely payment of all dues acknowledged to be due according to Burke's own reports and the collective bargaining agreement.  Burke is required to pay liquidated damages by the CBAs. Accordingly, Burke is in breach of his obligations to the Union under the CBAs.

13.    That upon careful review of all records maintained by the Union, and after application of any and all partial payments made by Burke, there is a total of $2,032.84 known to be due to the Union from Burke before the assessment of fees and costs subject to the possibility that additional contributions and liquidated damages will become due while this lawsuit is pending.

WHEREFORE, the Union respectfully requests that the Court:

A.    Order Burke to submit all delinquent monthly dues reports;

  B.  Enter judgment in favor of the Union and against Burke for all unpaid dues, liquidated damages, the Unions reasonable attorneys' fees and costs, including any amounts estimated to be due because Burke failed to submit all dues reports required by the CBAs;

  C.  Enjoin Burke to perform specifically his obligations to the Union including timely submission of reports and contributions as required by the plans and the CBAs;

  D.  Award the Union such further relief as may be deemed just and equitable by the Court, all at Burke's cost.


Dated: March 26, 2019        Respectfully submitted,


            By:   s/Elizabeth A. LaRose
                One of the Attorneys for the Plaintiffs


Attorneys for Local 150:         Attorneys for the Funds and CRF:

Dale D. Pierson *(dpierson@local150.org)*    Elizabeth A. LaRose *(elarose@local150.org)*
Elizabeth A. LaRose *(elarose@local150.org)*   Brad H. Russell *(brussell@local150.org)*
Brad H. Russell *(brussell@local150.org)*    Institute for Worker Welfare, P.C.
Local 150 Legal Dept.         6140 Joliet Road
6140 Joliet Road          Countryside, IL 60525
Countryside, IL 60525         Ph: (708) 579-6666
Ph: (708) 579-6663          Fx: (708) 588-1647
Fx: (708) 588-1647