**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| Midwest Operating Engineers Welfare Fund; Midwest Operating Engineers Pension Trust Fund; Midwest Operating Engineers Retirement Enhancement Fund; Operating Engineers Local 150 Apprenticeship Fund; Local 150 IUOE Vacation Savings Plan; Construction Industry Research and Service Trust Fund; and International Union of Operating Engineers, Local 150, AFL-CIO; | ) ) ) ) ) ) ) ) ) | CIVIL ACTION<br><br>No.: 19-CV-02070 |
| Plaintiffs, | ) ) | Judge: Virginia M. Kendall |
| v. | ) ) | Magistrate Judge: Maria Valdez |
| Brian Burke Individually, and Burke's Hauling, Inc.; an Illinois corporation, | ) ) ) ) ) ) | |
| Defendants. | ) | |

**FIRST AMENDED COMPLAINT**

Plaintiffs, Midwest Operating Engineers Welfare Fund; Midwest Operating Engineers Pension Trust Fund; Midwest Operating Engineers Retirement Enhancement Fund; Operating Engineers Local 150 Apprenticeship Fund; Local 150 IUOE Vacation Savings Plan; (collectively "the Funds"); Construction Industry Research and Service Trust Fund ("CRF"); and International Union of Operating Engineers, Local 150, AFL-CIO (hereafter, "Local 150" or "the Union"); bring this action to collect fringe benefit contributions and administrative dues from Defendants, Brian Burke ("Burke") Individually, and Burke's Hauling, Inc ("Burke's Hauling").

**COUNT I. SUIT FOR DELINQUENT CONTRIBUTIONS**

1. The Union is an employee organization under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1002(4); and a labor organization under the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 152(5).

2. Defendant Brian Burke ("Burke") has identified himself as "Owner" of Burke's Hauling Inc. (Exhibit A).

3. On August 1, 2013, Burke signed Memorandum of Agreement with the Union (See Exhibit A) that adopted the terms of several collective bargaining agreements ("CBAs") including the Heavy and Highway and Underground Agreement effective June 1, 2010 through May 31, 2017 (excerpts attached as Exhibit B) and the Heavy and Highway and Underground Agreement effective June 1, 2017 through May 31, 2021 (excerpts attached as Exhibit C).

4. The CBAs and the Agreements and Declarations of Trust incorporated therein require Burke's Hauling to make fringe benefit contributions to the Funds. The Funds are "employee welfare benefit plans" and/or "plans" within the meaning of ERISA, 29 U.S.C. § 1002 (3).

5. The CBAs and Trust Agreements specifically require Burke's Hauling to:

(a) Submit a monthly report stating the names and number of hours worked by every person on whose behalf contributions are required and accompany these reports with payment of contributions based on an hourly rate identified in the CBAs;

(b) Compensate the Funds for the additional administrative costs and burdens imposed by his delinquency through payment of liquidated damages in the amount of ten percent of untimely contributions, or twenty percent of such contributions should the Funds be required to file suit;

(c) Pay interest to compensate the Funds for the loss of investment income;

(d) Make Burke's Hauling payroll books and records available to the Funds for the purpose of an audit to verify the accuracy of past reporting, and

        pay any and all costs incurred by the Funds in pursuit of an audit where a delinquency in the reporting or submission of contributions is identified;

(e)    Pay the Funds' reasonable attorneys' fees and costs incurred in the prosecution of any action to collect outstanding reports, delinquent contributions, or compliance with an audit request;

(f)    Furnish to the Funds a bond in an amount acceptable to the Funds.

6.    The CBAs also require Burke's Hauling to make contributions to CRF. CRF is a labor management cooperative committee as that term is defined under Section 302(c)(9) of the LMRA, 29 U.S.C. § 186 (c)(9). The CBAs place the same obligations on Burke's Hauling with respect to CRF as it does the Funds.

7.    The CBAs further require Burke's Hauling to deduct administrative dues from employees' wages and remit those dues to the Union on a monthly basis utilizing a form remittance report. Where Burke's Hauling does not do so, the Union is entitled to liquidated damages, attorneys' fees and any other cost of collection.

8.    In order to forestall the filing of a lawsuit, Burke executed a Payment Plan Agreement ("Payment Plan") (Exhibit D). In that Payment Plan, Burke agreed to make installment payments of the delinquent sums that he owed the Funds, the Union, and CRF. Burke further agreed to submit forthcoming monthly reports, contributions, and dues payments timely. Burke agreed that he had personal liability for any amounts owed by Burke's Hauling. He consented to the entry of judgment against him and Burke's Hauling Inc. in the event of breach of the Payment Plan.

9.    Burke's Hauling has become delinquent in the submission of reports and contributions due the Funds and CRF, and reports and dues to the Union. As a result of this delinquency, owes the Funds and CRF contributions, liquidated damages, and interest, and dues and liquidated damages to the Union.

3

**Jurisdiction and Venue**

10. This Court has jurisdiction over this action pursuant to ERISA, 29 U.S.C. §§ 1132, 1145 and 28 U.S.C. § 1331, because ERISA is a federal statute. Furthermore, Burke Hauling stipulated to the jurisdiction of this Court in the Payment Plan (Exhibit D, Paragraph 4).

11. Venue is proper in this Court pursuant to Section 502(e)(2) of ERISA because the Funds are administered in Cook County, Illinois, and Burke's Hauling stipulated that this Court is an appropriate venue (Exhibit D, Paragraph 4).

**Allegations of Violations**

12. ERISA states: "Every employer who is obligated to make contributions to a multiemployer plan under the terms of the plan or under the terms of a collectively bargained agreement shall, to the extent not inconsistent with law, make such contributions in accordance with the terms and conditions of such plan or such agreement." 29 U.S.C. § 1145.

13. Where an employer fails to submit contribution reports and contributions timely, ERISA permits the Funds to file suit under ERISA to collect the fringe benefit contributions, liquidated damages, interest, attorneys' fees and costs. ERISA also permits the Funds to seek an injunction that requires submission of outstanding reports so that the Funds may determine whether additional sums are due to the Funds. Alternatively, the Funds may seek an audit to establish whether such sums are due, and/or estimate the amounts due.

14. Burke's Hauling has violated ERISA and breached the CBAs and the Trust Agreements because it has failed to timely submit its reports and contributions to the Funds and refused to pay liquidated damages and interest that has accrued.

15. Upon careful review of all records maintained by the Funds, and after application of any and all partial payments made by Burke's Hauling, there is a total of $123,482.68 known to be due the Funds from Burke's Hauling, before the assessment of fees and costs, and subject

to the possibility that additional contributions, liquidated damages, and interest will become due while this lawsuit is pending.

    WHEREFORE, the Funds respectfully request that the Court:

A.     Enter judgment in favor of the Funds and against Burke's Hauling for all unpaid contributions as identified in Burke's Hauling contribution reports;

B.     Enjoin Burke's Hauling to perform specifically its obligations to the Funds, including submission of the required reports and contributions due thereon to the Funds in a timely fashion as required by the plans and by ERISA;

C.     Enjoin Burke's Hauling at the Funds' option to submit to an audit of his payroll books and records in order to determine whether Burke's Hauling owes additional sums to the Funds, and pay the costs of such an audit; or alternatively at the Funds' option require Burke's Hauling to pay any contributions reasonably estimated to be due by the Funds for the period when Burke's Hauling failed and refused to timely submit contribution reports;

D.     Enter judgment against Burke's Hauling and in favor of the Funds for liquidated damages, interest, attorneys' fees and costs associated with all delinquent contributions;

E.     Provide the Funds with such further relief as may be deemed just and equitable by the Court, all at Burke's Hauling's cost.

### COUNT II. SUIT FOR BREACH OF PAYMENT PLAN

1-9.     The Funds re-allege and incorporate herein by reference paragraphs 1 through 9 of Count I as if fully stated herein.

### Jurisdiction and Venue

16.     This Court has jurisdiction over this action pursuant to § 301 of the LMRA, 29 U.S.C. § 185, because the Payment Plan is an extension of the CBAs. Furthermore, Burke and Burke's Hauling stipulated to the jurisdiction of this Court in the Payment Plan (Exhibit D, Paragraph 4).

11.     Venue is proper in this Court pursuant to 29 U.S.C. § 185(a) because the Court has jurisdiction over the parties, and because the Payment Plan was partly executed and some of

5

the performance took place in Cook County, Illinois and Burke and Burke's Hauling stipulated that this Court is an appropriate venue (Exhibit D, Paragraph 4).

## Allegations of Violations

12. Burke's Hauling has breached its obligations under the Payment Plan because it failed to make its installment payments timely, and failed to submit their monthly reports, contributions, and dues timely. Burke's Hauling has failed to pay liquidated damages and interest that has accrued. As a result of such breaches, the Funds, the Union, and CRF are entitled Burke and Burke's Hauling consented under the Payment Plan to the entry of judgment against Burke and Burke's Hauling for all amounts identified as due in the Payment Plan, and all sums that became due following the execution of the Payment Plan. Additionally, the Funds are entitled to interest as a consequence of entry of judgment.

13. That upon careful review of all records maintained by the Funds, and after application of any and all partial payments made by Burke's Hauling, there is a total of $129,207.10 known to be due the Funds, the Union, and CRF from Burke and Burke's Hauling, before the assessment of attorneys' fees and costs subject to the possibility that additional contributions, dues, interest, and liquidated damages will become due while this lawsuit is pending, and/or the possibility that Burke and Burke's Hauling owes additional contributions and dues not yet identified by Burke's Hauling's remittance reports.

WHEREFORE, the Funds, the Union, and CRF respectfully request that Court enter judgment against Burke and Burke's Hauling and in favor of the Funds, the Union, and CRF for all unpaid contributions, dues, liquidated damages, interest, and the Funds' reasonable attorneys' fees and Court costs necessarily incurred in this action as specified herein, or as subsequently determined, all as provided for in the CBA and Trust Agreements.

## COUNT III. SUIT TO COLLECT CRF CONTRIBUTIONS

1-9. CRF re-alleges and incorporates herein by reference paragraphs 1 through 9 of Count I as if fully stated herein.

### Jurisdiction and Venue

10. This Court has jurisdiction over this action pursuant to § 301 of the LMRA, 29 U.S.C. § 185 and 28 U.S.C. § 1331. Furthermore, Burke's Hauling consented to the jurisdiction of this court in the Payment Plan (Exhibit D, Paragraph 4).

11. Venue is proper in this Court pursuant to 29 U.S.C. § 185(a) because this Court has jurisdiction over the parties, and CRF's principal office is located within the geographic jurisdiction of this Court and Burke's Hauling stipulated that this Court is an appropriate venue (Exhibit D, Paragraph 4).

### Allegations of Violations

12. Burke's Hauling has not submitted all of its contribution reports to CRF. Burke's Hauling has failed to make timely payment of all contributions acknowledged to be due according to Burke's Hauling's own contribution reports and the collective bargaining agreement, and Burke's Hauling has failed to pay interest and liquidated damages required by the CBAs. Accordingly, Burke's Hauling is in breach of its obligations to the CRF under the CBAs.

13. That upon careful review of all records maintained by CRF, and after application of any and all partial payments made by Burke's Hauling, there is a total of $3,691.58 known to be due to CRF from Burke's Hauling subject to the possibility that additional contributions and liquidated damages will become due while this lawsuit is pending.

WHEREFORE, CRF respectfully requests that the Court:

A. Order Burke's Hauling to submit all delinquent monthly contribution reports;

7

B.     Enter judgment in favor of CRF and against Burke's Hauling for all unpaid contributions, liquidated damages, interest, CRF's reasonable attorneys' fees and costs, including any amounts estimated to be due in view of Burke's Hauling's failure to submit all contribution reports required by the CBAs;

C.     Enjoin Burke's Hauling to perform specifically its obligations to CRF including timely submission of reports and contributions as required by the plans and the CBAs;

D.     Award CRF such further relief as may be deemed just and equitable by the Court, all at Burke's Hauling's cost.

## COUNT IV. SUIT TO COLLECT UNION DUES

1-9.     The Union re-alleges and incorporates herein by reference paragraphs 1 through 9 of Count I as if fully stated herein.

### Jurisdiction and Venue

10.     This Court has jurisdiction over this action pursuant to § 301 of the LMRA, 29 U.S.C. § 185. Furthermore, Burke's Hauling stipulated to the jurisdiction of this Court in the Payment Plan (Exhibit D, Paragraph 4).

11.     Venue is proper in this Court pursuant to 29 U.S.C. § 185(a) because the Court has jurisdiction over the parties and the Union's principal office is located within the geographic jurisdiction of this Court and Burke's Hauling stipulated that this Court is an appropriate venue (Exhibit D, Paragraph 4).

### Allegations of Violations

12.     Burke's Hauling has not submitted all of its dues reports to the Union. Burke's Hauling has failed to make timely payment of all dues acknowledged to be due according to Burke's Hauling own reports and the collective bargaining agreement. Burke's Hauling is required to pay liquidated damages by the CBAs. Accordingly, Burke's Hauling is in breach of its obligations to the Union under the CBAs.

13. That upon careful review of all records maintained by the Union, and after application of any and all partial payments made by Burke's Hauling, there is a total of $2,032.84 known to be due to the Union from Burke's Hauling before the assessment of fees and costs subject to the possibility that additional contributions and liquidated damages will become due while this lawsuit is pending.

WHEREFORE, the Union respectfully requests that the Court:

A. Order Burke's Hauling to submit all delinquent monthly dues reports;

B. Enter judgment in favor of the Union and against Burke's Hauling for all unpaid dues, liquidated damages, the Unions reasonable attorneys' fees and costs, including any amounts estimated to be due because Burke's Hauling failed to submit all dues reports required by the CBAs;

C. Enjoin Burke Hauling to perform specifically its obligations to the Union including timely submission of reports and contributions as required by the plans and the CBAs;

D. Award the Union such further relief as may be deemed just and equitable by the Court, all at Burke's Hauling's cost.

Dated: April 3, 2019

Respectfully submitted,

By: s/Elizabeth A. LaRose
One of the Attorneys for the Plaintiffs

Attorneys for Local 150:

Dale D. Pierson *(dpierson@local150.org)*
Elizabeth A. LaRose *(elarose@local150.org)*
Brad H. Russell *(brussell@local150.org)*
Local 150 Legal Dept.
6140 Joliet Road
Countryside, IL 60525
Ph: (708) 579-6663
Fx: (708) 588-1647

Attorneys for the Funds and CRF:

Elizabeth A. LaRose *(elarose@local150.org)*
Brad H. Russell *(brussell@local150.org)*
Institute for Worker Welfare, P.C.
6140 Joliet Road
Countryside, IL 60525
Ph: (708) 579-6666
Fx: (708) 588-1647